HELANE L. MORRISON (CA Bar No. 127752)
MARC J. FAGEL (CA Bar No.154425)
 (fagelm@sec.gov)
MICHAEL S. DICKE (CA Bar 158187)
 (dickem@sec.gov)
SHEILA E. O'CALLAGHAN (CA Bar 131032)
 (ocallaghans@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. SKOULIS, PETER M. FRANKL, ALAN B. LEFKOF and WILLIAM D. BAKER,<br><br>Defendants. | Civil Action No. C 06- 2239 JF/PVT<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT WILLIAM D. BAKER |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed its Complaint for Permanent Injunction and Other Relief ("Complaint") in this action. Defendant William D. Baker ("Baker"), who was represented by counsel, has submitted the Consent of William D. Baker to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"), which was filed simultaneously with this [Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant William D. Baker ("Final Judgment") and incorporated herein by reference. In the Consent, Baker waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final

Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees, those with powers of attorney on Baker's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    A.    transactions are executed in accordance with management's general or specific authorization;

    B.    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    C.    access to assets is permitted only in accordance with management's general or specific authorization; and

    D.    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. §240.13b2-2] by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

[Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant William D. Baker                5

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Baker and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by falsely certifying annual and quarterly reports filed with the Commission under Section 13(a) of the Exchange Act.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Baker is prohibited, for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Baker shall pay a civil penalty in the amount of $35,000 pursuant to Section 21(d)(3) of the Exchange Act. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph XII below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Baker as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and payment shall be simultaneously transmitted to the attention of the District Administrator at the Commission's San Francisco District

Office, 44 Montgomery Street, Suite 1100, San Francisco, CA 94104. Baker shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XII.

Baker shall pay $35,000 in three installments according to the following schedule: (1) $10,000 within 30 days of entry of this Final Judgment; (2) $15,000 within 195 days of entry of this Final Judgment; and (3) $10,000 within 360 days of entry of this Final Judgment.

If Baker fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment minus any payments made, shall become due and payable immediately without further application to the Court.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Baker shall comply with all of the undertakings and agreements set forth therein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

*/s/ Sheila E. O'Callaghan*

Helane L. Morrison
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

*/s/ Susan Resley*

Susan Resley, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7368

Dated this ___ day of April, 2006           _____
                                            United States District Judge

[Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant William D. Baker                8