HELANE L. MORRISON (CA Bar No. 127752)
MARC J. FAGEL (CA Bar No.154425)
 (fagelm@sec.gov)
MICHAEL S. DICKE (CA Bar 158187)
 (dickem@sec.gov)
SHEILA E. O'CALLAGHAN (CA Bar 131032)
 (ocallaghans@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

**E-filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. SKOULIS, PETER M. FRANKL, ALAN B. LEFKOF and WILLIAM D. BAKER,<br><br>Defendants. | Civil Action No. C 06-2239 JF/PVT<br><br>[~~PROPOSED~~] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ALAN B. LEFKOF |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed its Complaint for Permanent Injunction and Other Relief ("Complaint") in this action. Defendant Alan B. Lefkof ("Lefkof"), who was represented by counsel, has submitted the Consent of Alan B. Lefkof to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"), which was filed simultaneously with this [Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant Alan B. Lefkof ("Final Judgment") and incorporated herein by reference. In the Consent, Lefkof waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final

[Proposed] Final Judgment of Permanent Injunction         1
and Other Relief Against Defendant Alan B. Lefkof

Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Lefkof and his agents, servants, employees, those with powers of attorney on Lefkof's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lefkof and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-11 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules thereunder, including but not limited to, current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], such

information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lefkof and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lefkof and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    A.    transactions are executed in accordance with management's general or specific authorization;

    B.    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

C. access to assets is permitted only in accordance with management's general or specific authorization; and

D. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lefkof and his agents, servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lefkof shall pay a civil penalty in the amount of $35,000 pursuant to Section 21(d)(3) of the Exchange Act. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Lefkof as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and payment shall be simultaneously transmitted to the attention of the District Administrator at the Commission's San Francisco District Office, 44 Montgomery Street, Suite 1100, San Francisco, CA 94104. Lefkof shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Lefkof shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

[Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant Alan B. Lefkof   5

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

*/s/ Sheila E O'Callaghan*
Helane L. Morrison
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

*/s/*
Jahan P. Raissi, Esq.
Shartsis, Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
(415) 421-6500

Dated this ___ day of _April_, 2006         _____
                                              United States District Judge